```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
OMER GUCLU,
                                                    CV
                Plaintiff(s),

        - against -                                 COMPLAINT

JOSHUA H. COHEN, and                                Plaintiffs demand a Jury
U-HAUL CO. OF ARIZONA,

                Defendant(s).
------------------------------------X
```

Plaintiff, by his attorneys, AKIN & SMITH, LLC upon information and belief, complain of the defendants herein as follows:

### A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, OMER GUCLU

This Court has jurisdiction over this matter pursuant to 28 USC 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $100,000.00.

1. That at all times hereinafter mentioned, plaintiff, OMER GUCLU, was and still is a resident of the State of New Jersey.

2. That at all times hereinafter mentioned, defendant, JOSHUA H. COHEN was and still is a resident of the State of New York.

3. That at all times hereinafter mentioned, defendant, U-HAUL CO. OF ARIZONA A CAR CORPORATION, (hereinafter "U-HAUL") was and still is a foreign corporation organized and existing by virtue of the laws of the State of Arizona.

4. That at all times hereinafter mentioned, defendant, U-HAUL, was and still is a foreign corporation authorized to do in the State of New York.

5. That at all times hereinafter mentioned, defendant, U-HAUL, owned a 1988 motor vehicle bearing the State of Arizona license plate AA28046.

6. That at all times hereinafter mentioned, the defendant, U-HAUL, by its agent(s), servant(s) and/or employee(s) maintained the aforesaid 1988 motor vehicle.

7. That at all times hereinafter mentioned, the defendant, U-HAUL, by its agent(s), servant(s) and/or employee(s), controlled the aforesaid 1988 motor vehicle.

8. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, operated the aforesaid 1988 motor vehicle.

9. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, operated the aforesaid 1988 motor vehicle with the knowledge of its owner.

10. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, operated the aforesaid 1988 motor vehicle with the consent of its owner.

11. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, operated the aforesaid 1988 motor vehicle with the knowledge of the defendant, U-HAUL.

12. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, operated the aforesaid 1988 motor vehicle with the consent of the defendant, U-HAUL.

13. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, maintained the aforesaid 1988 motor vehicle.

14. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, controlled the aforesaid 1988 motor vehicle.

15. That at all times hereinafter mentioned, the defendant, U-HAUL, owned a 1988 motor vehicle bearing State of Maryland license plate CKA583.

16. That at all times hereinafter mentioned West 30th Street at or near its intersection with Broadway, in the County of, City and State of New York was and is a public roadway, over, along and upon which motor vehicle did and do travel.

17. That on or about July 19, 2004, the plaintiff, OMER GUCLU, was situated at the aforementioned location.

18. That at the aforementioned time and place the aforesaid 1988 motor vehicle struck and/or came into contact with OMER GUCLU.

19. That the aforementioned contact was caused a direct result of the negligence of the defendants and without any negligence on the part of the plaintiff contributing thereto.

20. That the defendants were negligent in the ownership, operation, maintenance and control of the aforesaid 1988 motor vehicle.

21. That by reason of the foregoing, the plaintiff, OMER GUCLU, was severely bruised, wounded and injured, suffered internal and external injuries, some of which are believed to be of a permanent nature, and was confined to his home and bed, was compelled to undergo extensive medical aid, attention and treatment in an effort to cure himself of the injuries sustained, and since some of the injuries are believed to be of a permanent and lasting nature, he will continue to suffer similar damages in the future.

22. That as a result of the foregoing, the plaintiff, OMER GUCLU, sustained a serious injury as defined in Section 5102(d) of the Insurance Law and an economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law.

23. This action falls within one or more of the exception set forth in Article 16 of the CPLR.

24. That as a result of the foregoing, the plaintiff, OMER GUCLU has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

**A SECOND CAUSE OF ACTION ON BEHALF
OF THE PLAINTIFF, OMER GUCLU**

25. The plaintiff, OMER GUCLU, repeats, reiterates, and realleges each and every allegation contained in paragraphs of the Verified Complaint designated "1" through "25" inclusive with the same force and effect as though said paragraphs were more fully set forth herein at length.

26. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, was an agent of the defendant, U-HAUL.

27. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, was a servant of the defendant, U-HAUL.

28. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, was an employee of the defendant, U-HAUL.

29. That at all times hereinafter mentioned, the defendant, JOSHUA H. COHEN, operated the aforesaid vehicle in his capacity as an agent, servant, and/or employee of the defendant, U-HAUL.

30. That the defendant, U-HAUL, was negligent in hiring the defendant, JOSHUA H. COHEN.

31. That the defendant, U-HAUL, was negligent in training and supervising the defendant, JOSHUA H. COHEN.

32. That the defendant, U-HAUL, was negligent in retaining the defendant, JOSHUA H. COHEN.

33. That the defendant, U-HAUL, was negligent in entrusting the vehicle to the defendant, JOSHUA H. COHEN.

34. That as a result of the foregoing, the plaintiff, OMER GUCLU has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

WHEREFORE, the plaintiff, OMER GUCLU, demands judgment against the defendants on the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and demands judgment against the defendants on the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

DATED:   New York, New York
         August 10, 2004

                                          Respectfully Submitted

                                          AKIN & SMITH, LLC
                                          Attorneys for Plaintiff(s)

```
                                    _____
                                    ZAFER A. AKIN, ESQ. (ZAA 1651)
                                    Office and P.O. Address
                                    305 Broadway, Suite 1101
                                    New York, New York 10007
                                    (212) 587-0760
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK            CV
------------------------------------X
OMER GUCLU,

                    Plaintiff(s),

     - against -

JOSHUA H. COHEN, and
U-HAUL CO. OF ARIZONA,

                    Defendant(s).
------------------------------------X
```

---

**SUMMONS AND COMPLAINT**

---

**AKIN & SMITH, LLC**
**Attorneys for Plaintiff(s)**
305 Broadway, Suite 1101
New York, New York 10007
Tel. (212) 587-0760
Fax. (212) 587-4169